IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 20/20 FORESIGHT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   20 C 6915 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| JANIS MCGUFFIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff 20/20 Foresight, Inc. brought a three count complaint against defendant Janis McGuffin in the Circuit Court of Cook County, Illinois, alleging violations of the Illinois Trade Secrets Act, 765 ILCS 1065/1 (Count I), and tortious interference with contract (Count II) and economic advantage (Count III).   Defendant removed the case to this court based on diversity jurisdiction.   Defendant now moves to dismiss for lack of personal jurisdiction, lack of venue, and for failure to state a claim.   For reasons stated below, the court will stay the instant case and order the parties to comply with an arbitration agreement.

## FACTS

Plaintiff is an Illinois corporation with its principle place of business in Chicago, Illinois. In 2019, plaintiff and defendant's husband entered into an agreement to form 20/20 Foresight Texas LLC, a Texas limited liability company (the "company agreement").   The company agreement contains restrictive covenants under an exhibit titled "McGuffin's Confidentiality, Noncompetition, and Nonsolicitation Obligations."   Defendant signed this agreement under a spousal clause, whereby defendant consented to being bound by its provisions.   The company agreement contains an arbitration clause that provides: "Any controversy or claim arising out of

or relating to this agreement, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules."   This agreement was incorporated as an attachment to the complaint.

Plaintiff alleges that after the agreement was formed, defendant went to work for plaintiff.   Defendant worked in a research capacity, where she received a company-issued email account and maintained access to plaintiff's password-protected customer relations and sales IT systems.   Plaintiff alleges in paragraph 5 of the complaint that "[p]ursuant to the terms of the agreement, [defendant] was subject to certain ongoing obligations to [plaintiff], including but not limited to the obligations expressly set forth in the document titled *McGuffin's Confidential, Noncompetition and Non-Solicitation Obligations*." (Emphasis in original.)   Plaintiff further alleges in paragraph 7 that it "entrusted [defendant] with its confidential information and trade secrets due to her position with the company and her being *a party to the [company] Agreement*." (Emphasis added.)

Defendant's work relationship with the plaintiff terminated at the end of 2019. Defendant later found employment with a competing firm, HireWell, to which plaintiff alleges the defendant divulged secret information protected by the company agreement.

## DISCUSSION

Defendant has moved to dismiss for lack of personal jurisdiction, lack of venue, and for failure to state a claim.   Plaintiff opposes all three motions.   The court finds that it has personal jurisdiction over the defendant, but that venue is improper.

1. **Personal Jurisdiction**

2

Whether a forum's courts can bind defendants to their judgments depends on principles of due process. Those principles require that defendants "have certain minimum contacts with [the forum] such that . . . the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks omitted). When defendants have those minimum contacts, the forum's courts have personal jurisdiction. *Id*. (discussing "in personam" jurisdiction).

The exercise of personal jurisdiction by a federal court sitting in diversity turns on the law of the forum state. *Kipp v. Ski Enterprise Corp.*, 783 F.3d 695, 697 (7th Cir. 2015). Illinois's long-arm statute allows personal jurisdiction on any basis allowed by the United States Constitution, so "there is no operative difference between [the] two constitutional limits." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, PA.*, 623 F.3d 440, 443 (7th Cir. 2010). The question thus merges into "whether the exercise of personal jurisdiction would violate federal due process." *Id.*

Under federal due process principles, personal jurisdiction comes in two types: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011). Plaintiff has the burden to show personal jurisdiction, but because there has been no evidentiary hearing, plaintiff's showing need only be prima facie. *Northern Grain Marketing., LLC v. Greving*, 743 F.3d 487, 491–92 (7th Cir. 2014).

Plaintiff argues that the defendant is subject to both general and specific jurisdiction. The court agrees that it has specific personal jurisdiction.

As to general jurisdiction, plaintiff advances that defendant has satisfied the requisite contacts in Illinois simply by defendant's employment arrangements within the state. But "the

paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Plaintiff acknowledges that defendant is a resident of Texas. Therefore, defendant is not subject to general jurisdiction in Illinois.

Compared to general jurisdiction, specific jurisdiction is "very different"—it requires that "the suit . . . aris[e] out of or relat[e] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780 (2017) (emphasis in original and quotation marks omitted). The contacts must be created by the defendant, not by "the plaintiff or third parties . . . ." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). What matters is "the relationship among the defendant, the forum, and the litigation." *Id.* (citations and quotation marks omitted).

In the instant case, plaintiff asserts that defendant's former work relationship was directed towards Illinois, the source of confidential information stems from Illinois activity, and the causes of action are predicated on defendant's continued employment in the state. Defendant's research projects with plaintiff were both assigned from and reported to plaintiff in Illinois. Defendant's compensation was likewise received from plaintiff in Illinois. Further, the email and IT systems, from which plaintiff alleges defendant gathered the protected information, were created in Illinois. Finally, the alleged harm was caused by defendant's disclosures to a new employer—a competing company—located in Illinois. The court concludes that the defendant's "suit-related conduct" took place in the forum state, and consequently the court has personal jurisdiction over defendant.

**2.  <u>Venue</u>**

Defendant argues that venue is improper because the forum selection clause in the company agreement mandates arbitration for "any controversy or claim arising out of or relating to this agreement." The Seventh Circuit characterizes "a motion to dismiss based on a contractual arbitration clause . . . 'as an objection to venue, and hence properly raised under Rule 12(b)(3).'" *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 807 (7th Cir. 2011) (quoting *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007)).

Agreements containing arbitration clauses are no different than other agreements and must be upheld "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Federal Arbitration Act (FAA) was passed to ensure that valid agreements to arbitrate would be enforced by courts. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Upon finding a valid arbitration agreement, courts generally compel arbitration. *Id.* In accordance with the FAA courts are required to stay proceedings until arbitration is held "if the court determines there is an agreement in writing to submit to arbitration and the proceeding filed with the court is subject to arbitration under this agreement." *Tickanen v. Harris & Harris, Ltd.*, 461 F. Supp. 2d 863, 866 (E.D. Wis. 2006).

Further, when parties agree in a valid arbitration agreement that the American Arbitration Association's (AAA) rules apply, an arbitrator should decide the scope of arbitrability. *In re Dealer Mgmt. Sys. Antitrust Litig.*, 2020 WL 832365, *5 (N.D. Ill. 2020) (incorporating a delegation clause to the AAA Rules "constitutes clear and unmistakable evidence that the parties intended the question of arbitrability to be decided by an arbitrator" (quotations omitted)); *Bayer CropScience, Inc. v. Limagrain Genetics Corp., Inc.*, 2004 WL 2931284, *4 (N.D. Ill.

2004) ("The inclusion of the phrase 'the arbitration shall be conducted . . . in accordance with the prevailing commercial arbitration rules of the American Arbitration Association' in the arbitration provision of the Agreement is clear and unmistakable evidence that the issue of arbitrability is to be submitted to the arbitrator."); *see also Yellow Cab Affiliation, Inc. v. N.H. Ins. Co.*, 2011 WL 307617, *4 (N.D. Ill. 2011) (affirming that when parties mention the commercial rules of the AAA, arbitrability is a decision for the arbitrator).

In the instant case, there is no dispute that the parties' agreement contains an arbitration clause adopting the rules of the AAA. In fact, plaintiff admits in its brief that the employee-employer relationship agreement contained an arbitration clause. Plaintiff argues that the instant dispute does not arise out of or relate to that agreement. But that issue according to the AAA rules is to be decided by the arbitrator. *Ali v. Vehi-Ship, LLC*, 2017 WL 5890876 (N.D. Ill. 2017) ("The incorporation of the AAA Rules commits all disputes about the scope of the arbitration clause to arbitration.").[1]

The court need not reach the defendant's motion to dismiss. The Seventh Circuit instructs that the district court should retain jurisdiction when a suit is referred to arbitration for resolution of an issue. *See Hoenig v. Karl Knauz Motors, Inc.*, 983 F. Supp. 2d 952, 961 (N.D. Ill. 2013) (*citing Tice v. American Airlines*, 288 F.3d 313, 318 (7th Cir. 2002)). Courts should await the outcome of arbitration before dismissing a suit to save the parties the burden of additional litigation in the event that the arbitrator does not resolve all of the issues raised by the parties. *Tice*, 288 F.3d at 318. Additionally, the power to compel arbitration comes from

1 Even if the AAA delegation rules are not incorporated by reference into the contract, the court concludes that based on plaintiff's allegations, particularly in paragraph 5, the instant dispute would arise out of or relate to the company agreement.

6

Section 3 of the FAA, which directs courts to stay proceedings that have been referred to arbitration until arbitration has been completed. 9 U.S.C. § 3; *see also Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 732 (7th Cir. 2005).

## CONCLUSION

For the foregoing reasons, the court denies defendant's motion to dismiss and compels the parties to arbitrate. This action is stayed until further order. The parties are directed to inform the court when the arbitration is completed.


**ENTER:**


**Robert W. Gettleman**
**United States District Judge**


**DATE: February 17, 2021**